# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARVIN DOLEMAN,

    *Plaintiff*,

vs.

CONRAD SCHAFF,

    *Defendant*.

2:11-cv-00858-JCM-RJJ

ORDER

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the court for initial review of the complaint under 28 U.S.C. § 1915A. The filing fee has been paid.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## *Discussion*

In the two counts of the complaint, plaintiff Marvin Doleman seeks to recover damages from Lieutentant Conrad Schaff in his individual capacity for violation of Doleman's right to due process under the Fourteenth Amendment. According to the allegations of the complaint,[1] Schaff failed to follow the procedures required by state administrative regulations when he convicted Doleman of a disciplinary violation on June 4, 2009. Schaff sentenced

---

[1] In summarizing the allegations of the complaint, the court makes no findings of fact or credibility determinations. The actual factual allegations of the complaint are accepted as true solely for purposes of this review. No statement herein constitutes a factual finding by the court.

1  Doleman to 120 days disciplinary segregation and 90 days loss of good time sentencing
2  credit.  The warden overturned the disciplinary conviction, however, on the basis that Schaff
3  stated on the disciplinary hearing form that Doleman had not requested witnesses when the
4  hearing tape reflected that he had requested witnesses.  At a new disciplinary hearing, a
5  different officer found Doleman not guilty based upon lack of evidence.

6        Plaintiff seeks damages from Schaff for the 120 days that he spent in disciplinary
7  segregation while the disciplinary conviction was in effect.  Plaintiff alleges that, during the
8  120 days, he was subjected to the "mental tortures of being punished, including lockdown for
9  24 hours a day, not being able to call family on a regular basis, being able to shower only
10 once every 72 hours, and "not being able to sleep because of frustration and anger over being
11 wrongfully confined."  He alleges that he lost wages that he could have earned in the prison
12 job to which he previously had been assigned.

13       The complaint does not state a claim for relief for a due process violation.  An
14 allegation that the plaintiff was subjected to 120 days of disciplinary segregation fails to allege
15 specific facts that would establish the deprivation of a liberty interest protected by due
16 process.  A liberty interest protected by due process arises only where a restraint imposes an
17 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
18 life or will invariably affect the duration of the inmate's sentence.[2] *See Sandin v. Conner*, 515
19 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).  Mere placement in disciplinary
20 segregation that mirrors the conditions imposed upon inmates in administrative segregation
21 or protective custody does not deprive an inmate of a protected liberty interest.  515 U.S. at
22 486, 115 S.Ct. at 2301.  Plaintiff's allegations that he was locked down each day with
23 restricted call and shower privileges do not establish an atypical and significant hardship in
24 relation to the ordinary incidents of prison life as compared to administrative segregation.  Nor
25 do his allegations as to his own frustration and anger establish the deprivation of a protected

---

[2] Given that the decision ordering loss of good time credits has been overturned, plaintiff is not able to establish an effect on the duration of his sentence that has lengthened his incarceration.

1 liberty interest. The allegation that plaintiff was placed in disciplinary segregation for 120 days
2 thus fails to allege the deprivation of a protected liberty interest required to state a claim for
3 relief for a due process violation.

4 It further is established law that an inmate does not have a protected property or liberty
5 interest in prison employment. *See,e.g., Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004).

6 Moreover, an alleged failure to follow state law regulations does not give rise to a
7 protected liberty interest. *See,e.g., Sandin*, 515 U.S. at 477-84, 115 S.Ct. at 2297-2300. Nor
8 does the fact that the segregation was intended to be punitive. 515 U.S. at 484-86, 115 S.Ct.
9 at 2300-01.

10 The complaint therefore fails to state a claim upon which relief may be granted.
11 Plaintiff will be given an opportunity to amend the complaint to state a claim, if possible.

12 IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice for
13 failure to state a claim upon which relief may be granted, subject to leave to amend within
14 thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

15 IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall
16 clearly title the amended complaint as an amended complaint by placing the word
17 "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall
18 place the docket number, **2:11-cv-00858-JCM-RJJ**, above the word "AMENDED" in the
19 space for "Case No."

20 Under Local Rule LR 15-1, any amended complaint filed must be complete in itself
21 without reference to prior filings. Thus, any allegations, parties, or requests for relief from
22 prior papers that are not carried forward in the amended complaint no longer will be before
23 the court.

24 The clerk shall provide plaintiff with a copy of the original complaint that he submitted
25 together with two copies of a § 1983 complaint form and one copy of the instructions for
26 same.

27 If an amended complaint is filed in response to this order, the court will screen the
28 amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered without further advance notice.  If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED:  June 21, 2011.

_____
JAMES C. MAHAN
United States District Judge